# Wytheville.

## HURT, COMMITTEE, v. CITY OF BRISTOL.

### June 22, 1905.

1. TAXATION—*Situs of Property of a Lunatic.*—The choses in action of a lunatic in the hands of his committee and about which there is no litigation, are taxable at the place of residence of the committee and not that of the lunatic. Sections 2700 and 492b of the Code of 1904 only apply to such fiduciaries as represent the court, and provide the means by which the court holds and controls the fund in its charge.

2. TAXATION—*Property of Lunatic—Situs—Erroneous Assessment—Time for Correction.*—Section 571 of the Code providing for the correction of an erroneous assessment of personal property within two years has no application to the improper assessment of the estate of a lunatic at the place of his domicile instead of the domicile of his committee, and such impropriety or error may be corrected when the tax is sought to be enforced although the two years provided for by Sec. 571 has expired.

Upon a summons on suggestion in the Corporation Court of the city of Bristol. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Fulkerson, Page & Hurt,* for the plaintiff in error.

*J. S. Ashworth,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

The principal question presented in this case is, whether certain choses in action, held by plaintiff in error, whose residence

or domicile is at Abingdon, Washington county, but who was appointed and qualified in the Corporation Court of the city of Bristol as committee of one Lewis W. Lancaster, a lunatic, now in the State of Tennessee, his last place of residence in the State of Virginia having been in Bristol, are taxable in the city of Bristol, or in the county of Washington.

It appears that the plaintiff in error held the choses in action referred to against certain residents of Bristol, and that the funds held by him had not been assessed with taxes for the years 1901 and 1902 in the district in which he resides, or in any place; that there is no suit or other proceeding in the Corporation Court of Bristol, or in any other court, in which the funds, held by the plaintiff in error, are being administered; and that these funds were assessed for city taxes for the years 1901 and 1902 by the commissioner of the revenue of the city of Bristol upon the report of the examiner of records of said city, pursuant to section 3326a of Va. Code, 1904, which assessments were upheld by the judgment of the Corporation Court of that city, to which this writ of error was awarded.

Section 3326a, *supra,* provides that the examiner shall examine the papers in all pending causes in the courts in his circuit and the records of such courts, "and ascertain what money, bonds, notes, stocks, shares of stock, capital, capital stock, choses in action, or other evidences of debt . . . subject to taxation are held by any receiver, commisioner, or fiduciary, or under the control of said courts; or are held by any person, bank or corporation subject to the order of such courts," and forthwith make report thereof to the commissioner of the revenue of the county, city, or town "for which such examination is made, or in which said property is taxable," and thereupon it is made the duty of such commissioner of the revenue to enter upon his personal property books the names of the persons mentioned in such report and the aggregate amount of property chargeable to each of them, as stated therein, and to extend the taxes thereon, etc.

Section 491 of Va. Code, 1904, provides that the commissioner of the revenue shall ascertain and assess all subjects of taxation in his county, district, or city; and section 492 provides that if the property be owned by a person *sui juris* it shall be listed by or taxed to him, and further provides that property owned by a lunatic shall be listed by and taxed to his committee.

The authorities are agreed that the *situs* of a chose in action for purposes of taxation is at the domicile of the creditor, and not at that of the debtor, no matter where property, upon which the debt may be secured, is situated.

Section 1702 of Va. Code, 1904, defining the duties and powers of committees, provides that the committee of an insane person shall be entitled to the custody and control of his person (when he resides in the State, and is not confined in a hospital or jail), shall take possession of his estate, and may sue and be sued in respect thereto, and for the recovery of debts due to or from the insane person. He shall take care of and preserve such estate and manage it to the best advantage; shall apply the personal estate, or so much as may be necessary, to the payment of the debts of such insane person, and the rents and profits of the residue of his estate, real and personal, and the residue of the personal estate, or so much thereof as may be necessary, to the maintenance of such insane person and of his family, if any; and shall surrender the estate, or so much as he may be accountable for, to such insane person, if he shall be restored to sanity, or the real estate to his heirs or devisees and the personal estate to his executors or administrators in case of his death without having been restored to sanity.

While it is the duty of a committee to render his accounts annually before a commissioner of the court in which he qualified, it will be seen from the statute just quoted that he has absolute control and management of the lunatic's estate, and that section 2700 of the Code, which authorizes the court to order money in the hands of any fiduciary to be invested or

loaned out, or make such other order respecting the same as may seem to it proper, and section 492b relative to the payment of taxes on funds under the control of a court, have no application to funds in the hands of a committee or other fiduciary who is the representative of, or holds the estate of, a person under disability, such fiduciary being at all times liable for interest upon the annual balances in his hands. Said sections only apply to such fiduciaries as represent the court and are the means by which the court holds and controls the fund in its charge.

Sections 2686 and 2687, also cited for defendant in error, have no sort of bearing upon the question under consideration.

By section 491, *supra,* it is made the duty of the commissioner of the revenue to call on every person in his county, district, or city to furnish a list of such property, money, credits, or other subjects of taxation, as required by law, and the value thereof, and clearly the statute contemplates that such commissioner should apply to the person liable to taxation at the place of his domicile, and not elsewhere.

We are of opinion that the *situs* of the funds held by plaintiff in error, for taxation, is in the county of Washington, where he resides, and not in the city of Bristol.

It is contended, however, for defendant in error, that defense to the assessment complained of could only have been made under section 571 of the Code, and two years having elapsed after the assessment was made and before this defense was set up in this cause, it cannot be made at all. We do not think that this section has any application whatever to the case. *Non constat,* plaintiff in error knew of the assessment against him in the city of Bristol until served with notice of this garnishee proceeding, in which it is sought to collect the taxes assessed.

The judgment of the Corporation Court of Bristol must be reversed and annulled, and this court will enter such order as that court should have entered.

*Reversed.*